UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KOVADIS PALMER,

    Plaintiff,

v.

SWEDISH MATCH NORTH AMERICA, LLC, and
PHILIP MORRIS INTERNATIONAL, INC.,

    Defendants.

                                                              /

Case no. 0:24-cv-60522-WPD

**PLAINTIFF'S AMENDED MOTION
FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

    This case is about Zyn, a nicotine pouch that users place in their mouths. Doc. 1 ¶ 1. Zyn looks like chewing gum and comes in gum-like flavors:



Doc. 1 ¶ 2.

    Zyn is made by Defendant Swedish Match North America, Inc., a subsidiary of Defendant Philip Morris International Inc. (PMI). Doc. 1 ¶ 1. Defendants marketed Zyn as safe, healthful, or not harmful, even though they knew it to be untrue. Doc. 1 ¶ 94. Indeed, advertisements falsely

1

state that Zyn is "tobacco-free" and suggest that Zyn is less harmful than other nicotine-based products:

 

Doc. 1 ¶ 22.

Plaintiff, Kovadis Palmer, sued Swedish Match and PMI to recover damages for injuries caused by Zyn. Doc. 1 ¶ 6.

**ARGUMENT**

PMI has moved to dismiss for lack of personal jurisdiction. Doc. 26 at 9–14. In support, PMI relies on a declaration of Ann Marie Kaczorowski, the Director of Finance of U.S. Entities for a subsidiary of PMI. Doc. 26-2. Ms. Kaczorowski declares that "PMI was not and is not involved in the manufacture, marketing, advertising, sale, distribution, or any other commercial activities of ZYN in the United States, including in the State of Florida." Doc. 26-2 ¶ 12.

As discussed in Plaintiff's response to PMI's motion to dismiss, there is evidence to contradict Ms. Kaczorowski's declaration, and this Court must resolve that dispute of fact by viewing the evidence in the light most favorable to Plaintiff. Specifically, PMI's website and a press release issued by PMI on June 17, 2024 prove that PMI *is* involved with the development, manufacturing, marketing, distribution or sale of ZYN.

Nevertheless, to the extent this Court concludes that Plaintiff's evidence on personal jurisdiction is lacking, this Court should grant leave to conduct jurisdictional discovery. Specifically, this Court should grant leave for Plaintiff to (1) depose Ms. Kaczorowski about her declaration; (2) serve interrogatories and requests for production on PMI concerning personal jurisdiction; and (3) serve interrogatories and requests for production regarding the statements on PMI's website regarding ZYN, its role in the development and commercialization of ZYN, its role in the development material to "scientifically substantiate ZYN," and the press release issued on June 17, 2024.

The Supreme Court has recognized that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). The Eleventh Circuit has likewise recognized that "[r]esolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Thus, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is *entitled* to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) (emphasis added), *abrogated on other grounds*, *Samantar v. Yousuf*, 560 U.S. 305 (2010). In other words, "parties have a 'qualified *right* to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery." *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (citation and quotation marks omitted) (emphasis added).

Plaintiff has not unduly delayed seeking leave to initiate discovery. The complaint was filed less than three months ago, and PMI's motion to dismiss was filed less than three weeks ago. The circumstances of this case are unlike those where jurisdictional discovery was denied because of undue delay. *E.g.*, *Clements v. 3M Elec. Monitoring*, No. 21-12779, 2022 WL 15146786, at *4 (11th Cir. Oct. 27, 2022) (unpublished) (plaintiff "filed no motion asking for jurisdictional discovery and did not mention the need to conduct jurisdictional discovery in any of his responses to the motions to dismiss"); *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019) (unpublished) (plaintiffs "did not move for jurisdictional discovery, and they did not explain in their filings in the district court . . . what facts or even what type of facts they wish to discover if given the opportunity"); *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018) (unpublished) (plaintiff "never sought jurisdictional discovery as to [the defendant] in the five-and-a-half-month period that [the defendant's] motion to dismiss was pending[;] [n]or did [the plaintiff] otherwise indicate in its response to [the defendant's] motion to dismiss that discovery was needed to decide the issues of personal jurisdiction").

"Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *UnitedHealthcare of Fla., Inc. v. AM. Renal Assocs. Holdings, Inc.*, No. 16-81180, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016) (collecting cases). Accordingly, courts in this district have granted leave to conduct jurisdictional discovery in similar circumstances. *See, e.g.*, *id.* at *2 (granting leave to conduct jurisdictional discovery, including "by deposing and serving interrogatories and document requests," so that plaintiffs could "explore fully the nature of [one of the defendants'] contacts in the state of Florida" and emphasizing that the plaintiffs "d[id] not have personal knowledge of the inner workings of [the defendants'] business organizations");

*Gibson v. NCL (Bah.) Ltd.*, No. 11–24343, 2012 WL 1952670, at *3 (S.D. Fla. May 30, 2012) ("Without jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by Grupo Cacum's legal representative concerning the corporation's lack of contacts with Florida."); *Com. Indus. Americana v. Academy Roofing and Sheet Metal of Fla.,* No. 11–60774, 2012 WL 13005796, at *1 (S.D. Fla. 2012) (granting leave to conduct jurisdictional discovery where the defendant "assert[ed] that the Court does not have personal jurisdiction over it because it is a completely separate entity from the other two Defendants [and] has never done business in Florida," yet evidence on its website suggested otherwise; emphasizing that "[t]he Court has ample authority to permit jurisdictional discovery, particularly where a motion to dismiss for lack of personal jurisdiction has been filed").

This Court, too, has granted jurisdictional discovery on the issue of personal jurisdiction in multiple cases. *Contour Prods., Inc. v. Albecker*, No. 08-60575-CIV, 2009 WL 10667525, at *2–3 (S.D. Fla. Jan. 7, 2009) (Dimitrouleas, J.) (deferring ruling on a motion to dismiss for lack of personal jurisdiction and granting leave "to conduct discovery on jurisdictional issues"); *Evans v. Andy & Evan Indus, Inc.*, No. 15-61013, 2015 WL 13260392, at *1 (S.D. Fla. Nov. 23, 2015) (Dimitrouleas, J.) (denying without prejudice a motion to dismiss for lack of personal jurisdiction and concluding that "it is appropriate to grant Plaintiffs the opportunity to conduct limited jurisdictional discovery as outlined in their Motion for Jurisdictional Discovery"); *Short v. Embraer, S.A.*, No. 20-cv-61473, Doc. 101 (S.D. Fla. Aug. 9, 2021) (Dimitrouleas, J.) (granting leave to conduct jurisdictional discovery on the issue of personal jurisdiction); *Foshee v. Banks*, No. 20-62699, 2022 WL 1284248, at *1 (S.D. Fla. Mar. 22, 2022) (noting that this Court granted jurisdictional discovery and that "the Eleventh Circuit has 'held that such jurisdictional discovery is not entirely discretionary'" (citation omitted)).

## CONCLUSION

This Court should grant Plaintiff leave to conduct the jurisdictional discovery requested in this motion.

## CERTIFICATE OF CONFERRAL

Consistent with Southern District of Florida Rule 7.1(a)(3), the undersigned certifies that he has conferred with counsel for PMI about the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

**SCHLESINGER LAW OFFICES, P.A.**

*/s/ Jeffrey L. Haberman*
**Jeffrey L. Haberman**
Florida Bar no. 98522
jhaberman@schlesingerlaw.com
**Scott P. Schlesinger**
Florida Bar no. 444952
scott@schlesingerlaw.com
**Jonathan R. Gdanski**
Florida Bar no. 32097
jgdanski@schlesingerlaw.com
1212 SE Third Avenue,
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2024, I served a copy of the foregoing on the Clerk of Court by CM/ECF, which will provide notification of same to all parties and counsel of record.

**SCHLESINGER LAW OFFICES, P.A.**

*/s/ Jeffrey L. Haberman*

Jeffrey L. Haberman
