UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60522-CIV-DIMITROULEAS

KOVADIS PALMER,

    Plaintiff,
v.

PHILIP MORRIS INTERNATIONAL INC., and
SWEDISH MATCH NORTH AMERICA,
LLC,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., PMI Global Services, Inc., Swedish Match North America LLC, and Swedish Match USA, Inc. ("Defendants")' Motion to Dismiss and Memorandum of Law in Support [DE 110], filed herein on October 23, 2025. The Court has carefully considered the Motion, the Response [DE 111], the Reply [DE 113], the record in this case, and is otherwise advised in the premises. Upon careful review, the motion is denied.

**I.    BACKGROUND**

This action was filed back in April of 2024. [DE 1]. The original complaint contained four counts. Among them was a claim for fraud. *Id.* Defendant Swedish Match North America, LLC moved to dismiss the fraud count on the ground that it failed to meet the particularity standard set forth in Federal Rule of Civil Procedure 9(b). *See* [DEs 25 p. 16]. The Court agreed and dismissed the fraud claim in August of 2024, but allowed Plaintiff the opportunity to replead. *See* [DE 48].

1

Plaintiff did so, and on December 4, 2024, filed an Amended Complaint.[1] *See* [DE 54]. Defendants moved to dismiss the repleaded fraud claim. [DE 55, p. 4]; [DE 57] p. 19. The Court again agreed that there were insufficient allegations to support the fraudulent concealment claim and dismissed that count. [DE 81] p. 3.

Ten months later, Plaintiff moved to amend his Complaint a third time, this time including a claim under the Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") Fla. Stat. §§ 501.201–.213. *See* [DE 104]. The motion came within the timeframe to amend set by the Court's Scheduling Order. *See Scheduling Order,* [DE 95]. Defendants opposed the motion, arguing that amendment would be futile. *See* [DE 105]. The Court granted leave to amend, citing the liberal amendment standard under Rule 15, but invited Defendants to file a motion to dismiss to the impending second amended complaint. [DE 107]. When Plaintiff filed its Second Amended Complaint, [DE 108] Defendants filed the instant motion to dismiss, [DE 110], which is now ripe for review.

Plaintiff's Second Amended Complaint alleges as follows. Swedish Match North America LLC and Swedish Match USA, Inc., design, manufacture, market, advertise, promote, and distribute and sell ZYN in the United States. *Id.* ¶ 11.   PMI is the holding company and/or parent company of various subsidiaries including Swedish Match North America LLC, Swedish Match USA, Inc., and Defendants Philip Morris Global Brands, and PMI Global Services, Inc. *Id.* ¶ 15.

Plaintiff Palmer is a citizen of Florida who began using ZYN when he was 20. *Id.* ¶ 8. He was enticed by the flavors and by ZYN's marketing and advertising. *Id.* Plaintiff did not know of ZYN's unreasonably dangerous characteristics when he began using the product. *Id.* Plaintiff

---

[1]The Amended Complaint contained additional Defendants, Swedish Match USA, Inc., Philip Morris Global Brands, Inc., and PMI Global Services, Inc. *See* [DE 54].

claims he is addicted to the nicotine contained in ZYN and has suffered personal injuries as a result of his ZYN use. *Id.*

According to Plaintiff, ZYN delivers a potent dose of nicotine and is unreasonably dangerous, and therefore defective, particularly for youth, because it creates and sustains an addiction to nicotine. *Id.* ¶ 46. Plaintiff claims that Defendants falsely maintain that ZYN is a smokeless nicotine replacement therapy from cigarettes or e-cigarettes, despite the nicotine concentration levels in ZYN exceeding the levels found in nicotine replacement therapies. *Id.* ¶ 47. Plaintiff also claims that Defendants falsely maintain that Zyn is "tobacco-free" even though the nicotine in ZYN is derived from tobacco. *Id.* ¶ 48. ZYN warns on its packaging that "[t]his product contains nicotine. Nicotine is an addictive chemical." *Id.* ¶ 70. Plaintiff claims that this warning is insufficient to communicate the true extent of the dangers posed by ZYN. *Id.*

## II. **LEGAL STANDARD**

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.  In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 583, 588 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984)).

### III.   DISCUSSION

By their instant Motion, Defendants argue the FDUTPA claim is subject to dismissal because it is based upon the same factual allegations as the dismissed fraud claim, is barred by res judicata, and fails to meet the particularity standard of Rule 9(b). In response, Plaintiff argues that the Court's prior rulings do not preclude the new FDUTPA claim, and that the Rule 9(b) standard doesn't apply, and even if it does, the new FDUTPA meets the Rule 9(b) standard.

The Court agrees with Plaintiff and finds that 9(b) does not apply. Defendants remaining arguments are unpersuasive.

### a. Whether The FDUTPA Claim Should Be Dismissed as Based on The Same Factual Allegations as The Dismissed Fraud Claims

Defendants argue that Plaintiff's FDUTPA claim should be dismissed because it rests on the same factual allegations as the failed fraud claim. Defendants argue this claim is "not new other than its label," that "the factual allegations supporting the FDUTPA claim are word-for-word identical to the factual allegations in the prior complaint that included Plaintiff's dismissed fraudulent concealment claim," and that even though new language is inserted to make out a FDUTPA claim, "those new paragraphs do not assert new factual allegations."

It is not clear why this argument would support dismissal. Instead, the Federal Rules of Procedure permit litigants to plead alternative theories of recovery on a single set of facts, *see* Fed. R. Civ. P. 8(a)(3), and multiple causes of action will often spring from the same underlying factual allegations. *See e.g.*, *McNa v. Commc'ns Inter-Loc. Agency*, 551 F. Supp. 2d 1343, 1349 (M.D. Fla. 2008). The mere fact that the factual allegations underlying the failed fraud claims mirrors that of the new FDUTPA claims tells the Court nothing about the viability of the FDUTPA claim on its own. Indeed, Defendants cite no law in support of their proposition that the FDUTPA claim is subject to dismissal on this basis. The Court does not dismiss for this reason.

      **b. Whether The Dismissal with Prejudice of Plaintiff's Fraud Claim Bars His FDUTPA Claim**

Next, Defendants argue in broad terms that the principles of preclusion apply. They cite the policy concerns regarding "finality of a prior judgment" and argue this claim "would be barred by res judicta . . . if Plaintiff tried to bring his FDUTPA claim in a separate action." [DE 110] p. 5. The obvious objection that this action has not yet reached a final judgment. *See Albrecht v. State*, 444 So. 2d 8, 11–12 (Fla. 1984) ("The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as every actually litigated, issue."). Yet, Defendants argue preclusion principles apply with equal force *within* a suit. For this proposition they cite a California district court that once stated, "When a party tries to relabel a dismissed claim in the same suit, courts routinely dismiss those claims for the same fundamental preclusion reasons." *Mack v. LLR, Inc.*, 2019 WL 1873294, at *6 n.2 (C.D. Cal. Feb. 6, 2019). They also assert that "[w]hen a court dismisses a claim with prejudice, an "amended pleading should not reassert that claim." *Louis v. Seaboard Marine, Ltd., In*c., 2012 WL 13071863, at *1 (S.D. Fla. Feb. 27, 2012).

This argument is equally unpersuasive. The amended pleading did not reassert the same claim, it asserted a new claim under FDUTPA with leave of Court. *See* [DE 107]. The Court disagrees that the FDUTPA claim is merely a "relabeled" fraud claim but instead articulates a new legal theory. As stated, a Plaintiff may develop new theories from the same factual underpinnings. *See* Fed. R. Civ. P. 8(a)(3) (a pleading "may include relief in the alternative or different types of relief."). Plaintiff will not be barred from asserting this new theory just because it shares some qualities with the previously dismissed fraud claim.

### c. Whether the FDUTPA Claim Sounds in Fraud such that 9(b) applies

Defendants argue the FDUTPA claim sounds in fraud such that the particularity standard of Rule 9(b) applies. The Court disagrees and finds that the allegations herein do not sound in fraud.

In a matter of first impression, the Eleventh Circuit in August of this year weighed in on a longstanding split among district courts and found that "Rule 9(b)'s particularity requirement applies to FDUTPA claims when those claims sound in fraud." *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1292 (11th Cir. 2025). "Whether a plaintiff 'alleg[es] fraud' under Rule 9(b) depends on the factual allegations underlying a plaintiff's claim—not how the plaintiff styles his claim." *Id.* at 1293. "The most straightforward way [of determining whether a claim 'sounds in fraud'] is by comparing a plaintiff's allegations to the elements of common law fraud." *Id.* at 1294. "If a plaintiff's allegations closely track the elements of common law fraud, then the plaintiff's claim sounds in fraud for purposes of Rule 9(b)." *Id.* "If not, then Rule 9(b) does not apply." *Id.*

In turn, the elements of common law fraud are "a false representation of a material fact made by one who knew that it was false ..., made to one who did not know that it was false, with intent to deceive such person and to influence his action, which did deceive such person and

6

influence his action to his damage." *United States v. Feldman*, 931 F.3d 1245, 1266 (11th Cir. 2019) (W. Pryor, C.J., concurring) (quotation omitted).

In its FDUTPA claim, Plaintiff alleges that "all Defendants made and continue to make representations, omissions, and practices that are likely to mislead a consumer acting reasonably in the circumstances, to the consumer's detriment." [DE 108] ¶ 124, that Defendants "represent[ed] or omit[ed] facts concerning Zyn's nicotine content, addictiveness, flavoring content, and safety." *Id.* ¶ 125 and "made misleading representations about and omitted the risks associated with Zyn generally" *Id.* ¶ 128. Defendants allegedly "omitted that the nicotine in Zyn can cause cognitive and mental health injuries, periodontal disease, vascular injuries" and that "Zyn was powerfully addictive and that its design inherently demanded dependency. *Id.* ¶ 128. These omissions were "likely to mislead a consumer acting reasonably in the circumstances and influence them to purchase Zyn, to the consumer's detriment." *Id.* ¶ 130.

These allegations do not substantively track the elements of a claim for common law fraud. They are "not necessarily premised on intentional deception" but instead on the consumer's experience with the product. *Kahn v. Walmart, Inc.*, 107 F.4th 585, 602 (7th Cir. 2024) (cited by *Pop*, 145 F. 4th at 1293). Missing from these allegations are assertions that the Defendants intentionally misled Plaintiff.[2]

---

[2] The lone allegation in the 43-page Second Amended Complaint that "Defendants purposefully target[] youth and naïve tobacco users" does not suffice to convert the FDUTPA claim into one sounding in fraud. *See* SAC ¶ 48. Instead, the Court looks to the allegations in the complaint as a whole to determine whether they sound in fraud. *See e.g.*, *Apex Toxicology, LLC v. United HealthCare Servs., Inc.,* No. 17-61840-CIV, 2020 WL 13551299, at *3 (S.D. Fla. July 7, 2020). ("A claim 'sounds in fraud' when plaintiff alleges 'a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of [that] claim.') (quoting *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295, 1335 (N.D. Ga. 2019)).

Instead, Plaintiff's allegations more closely track the elements of a FDUTPA claim, which requires (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages. *See Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (quoting Fla. Stat. § 501.204(1)). Plaintiff alleges "a reasonable consumer would likely have been misled that Zyn: (a) is a smoking cessation device (even though it is not); (b) is a reasonable alternative to combustible or e-cigarettes (even though it is not); (c) is not a potent nicotine-delivery mechanism (even though it is); (d) is not powerfully addictive (even though it is); (e) is healthy and safe (even though it is not); (f) does not pose unreasonable risks of substantial bodily injury resulting (even though it does), and (g) is not derived from tobacco (even though it is)." [DE 108] ¶ 130. These types of allegations are quintessential FDUTPA claims, an act designed to prohibit "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016) (alteration in original). The allegations here place the focus on the consumers, who, regardless of Defendants' intention, were misled by Defendants' product. Such allegations, like a FDUTPA claim itself, "sweep[] far more broadly than the doctrine of fraud or negligent misrepresentation, which asks only whether a representation was technically accurate in all material respects." *Hetrick v. Ideal Image Dev. Corp.*, 372 F. App'x 985, 992 (11th Cir. 2010).

*Pop* did not categorically find that all FDUTPA claims are subject to the 9(b) particularity standard. Instead, the decision expressly left open the question of whether FDUTPA claims "based on different allegations would be subject to Rule 9(b)'s particularity requirement." 145 F.4th at 1296 n. 10. Based upon the allegations in the Second Amended Complaint, the Court finds the allegations are not subject to 9(b).

Defendants make no independent argument for dismissal based upon the elements of a FDUTPA claim. Instead, with respect to whether the allegations state a claim, they rely solely on the Court's prior dismissal of the fraud counts and arguments that the allegations fail to meet the particularity standard. Finding the particularity standard does not apply to the allegations here, and in the absence of any additional arguments under 12(b)(6), the FDUTPA claim may proceed.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 110] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 12th day of December, 2025.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record